# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## LARRY McKAY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 3662     Seth W. Norman, Judge**

---

**No. M2005-02141-CCA-R3-CO - Filed February 7, 2006**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner has appealed the trial court's order summarily dismissing the petition for the writ of habeas corpus. In that petition, the petitioner argues that his indictments were void because the applicable statute under which he was indicted did not "define the use of a deadly weapon as an element of first degree murder." Upon a review of the record in this case we are persuaded that the trial court was correct in summarily dismissing the habeas corpus petition and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Larry McKay, Nashville, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; C. Daniel Lins, Assistant Attorney General; and Victor S. (Torry) Johnson III, District Attorney General, Dan Hamm, Assistant District Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

On or about November 3, 1982, the petitioner and a co-defendant were convicted of murder in the perpetration of armed robbery and sentenced to death. The petitioner's conviction and sentence were affirmed on direct appeal. See State v. McKay, 680 S.W.2d 447, 453 (Tenn. 1984). Since that time, the petitioner has filed at least four petitions for post-conviction relief. See, e.g., Michael Eugene Sample v. State, No. W1999-01202-CCA-R3-PC, 2001 WL 43381 (Tenn. Crim. App., at Jackson, Jan. 17, 2001), perm. app. granted (Tenn. 2001), perm. app. denied (Tenn. 2001); Michael E. Sample v. State, No. 02C01-9505-CR-000131, 1996 WL 551754 (Tenn. Crim. App., at

Jackson, Sept. 30, 1996), perm. app. denied (Tenn. 1997); Michael E. Sample v. State, No. 02C01-9104-CR-00062, 1995 WL 66563 (Tenn. Crim. App., at Nashville, Feb. 15, 1995), perm. app. denied (Tenn. 1997); Larry McKay v. State, No. 25, 1989 WL 17507 (Tenn. Crim. App., at Jackson, Mar. 1, 1989), perm. app. denied (Tenn. 1989), pet. to rehear granted (Tenn. 1989).

On June 16, 2005, the petitioner filed a pro se petition for writ of habeas corpus asserting that his indictments were void because the applicable statute under which he was indicted did not "define the use of a deadly weapon as an element of first degree murder." On June 27, 2005, the trial court dismissed the petition, finding that the petitioner failed to show that the indictments were void or that he was convicted on the allegedly void indictments. The trial court also decided to dismiss the petition because the petitioner failed to attach a copy of the underlying judgment to the petition or provide a satisfactory reason for its absence as required by Tennessee Code Annotated section 29-21-107(b)(2). On July 7, 2005, the petitioner filed a motion to alter or amend the judgment pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure. The trial court denied the motion to alter or amend and the petitioner appealed.

On appeal, the petitioner asserts that the trial court erred in dismissing his petition without allowing him to amend the petition within fifteen days under Rule 15.01 of the Tennessee Rules of Civil Procedure. The petitioner also contends that the trial court erred in dismissing the petition without requiring the State to file an answer. Specifically, he argues that because the State did not file an answer, the trial court erred by not accepting all allegations in the petition as true. The petitioner also complains that the trial court erred in dismissing the petition without a hearing. Lastly, the petitioner contends that the trial court erred in denying the motion to alter or amend the judgment pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure.

The determination of whether to grant habeas corpus relief is a question of law. See McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. See Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the trial court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. Tenn. Code Ann. § 29-21-109; State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964). Further, a trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Hickman v. State, 153 S.W.3d 15, 19-20 (Tenn. 2004); Archer, 851 S.W.2d at 165. The formal requirements for an application or petition for writ of habeas corpus are found at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed by either the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
> (b) The petition shall state:
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and if unknown, describing the person with as much particularity as practicable;
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
> (4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings there shall be produced, or satisfactory reasons should be given for the failure to do so.

Tenn. Code Ann. § 29-21-107. "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements . . . ." Hickman, 153 S.W.3d at 21.

First, we note that the petitioner herein failed to adhere to the mandatory requirements for habeas corpus petitions under Tennessee Code Annotated section 29-21-107(b)(2) by failing to include a copy of the judgment. The petitioner's failure to comply with the mandatory requirements for habeas corpus petitions alone provided adequate justification for the trial court's dismissal of the petition. Further, the trial court did not have to require the State to answer the petition prior to the dismissal. As stated previously, a trial court may properly dismiss a petition for writ of habeas corpus without a hearing, and presumably prior to any answer from the State, when the petition does not demonstrate that a judgment is void. Dixon v. Holland, 70 S.W.3d 33, 36 (Tenn. 2002).

-3-

Moreover, the trial court was not required to allow the petitioner to amend his petition under Tennessee Rule of Civil Procedure 15.01. The Tennessee Rules of Civil Procedure do not general apply to criminal cases. See Alley v. State, 882 S.W.2d 810, 816 (Tenn. Crim. App. 1994). Because the petitioner has failed to properly demonstrate that he is entitled to habeas corpus relief, we affirm the judgment of the trial court.

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge . . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20 and we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE